**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHELLE L. HANEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GARRY BACCUS, an individual, *et al.*,<br><br>Defendant. | ) | Case No.: CIV-20-948-J |

**AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference: November 30, 2020 at 10:40 a.m.

**Appearing for Plaintiff:**

Charles T. Battle
THE BATTLE LAW FIRM, PLLC
1415 NW 43rd Street
Oklahoma City, OK
Telephone: (405) 420-0082
Facsimile: (405) 416-5492
Email: charles@battlelawfirmok.com

Nathaniel F. Raddatz
NATHANIEL F. RADDATZ
ATTORNEY-AT-LAW, PLLC
1415 NW 43rd Street
Oklahoma City, OK 73118
Telephone: (405) 848-2409
Email: nraddatz@hotmail.com

**Appearing for Defendants Gary Baccus dba Gary Baccus Insurance & Gary Baccus State Farm Insurance Agency; and Gary & Jana Baccus, LLC:**

Rebecca S. Woodward, OBA #8070
First Place Tower
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888
(918) 295-8889 fax
RebeccaWoodward@HoldenLitigation.com

**Appearing for Defendants, State Farm Mutual Automobile Insurance Company, State Farm Fire & Casualty Insurance Company, and State Farm Mutual Insurance Company ("State Farm Defendants")**
Elaine R. Turner, OBA #13082
Lindsay N. Kistler, OBA #32814
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: eturner@hallestill.com
Email: lkistler@hallestill.com

**Jury Trial Demanded X - Non-Jury Trial □**

1. **BRIEF PRELIMINARY STATEMENT**.

**A.** **Plaintiff:** On or about February 10, 2019, Mrs. Haney applied for to be a sales representative for the Defendants and she was subsequently interviewed by Defendant Gary Baccus ("**Mr. Baccus**"). The interview with Mr. Baccus went well and Plaintiff left the interview with the impression that she was going to be hired. Thereafter, Plaintiff attended a subsequent interview with Mr. Baccus and Mrs. Jana Baccus ("**Mrs. Baccus**"). During the second interview, Mrs. Baccus inquired about Plaintiff's health and the health of members of Plaintiff's family. Mrs. Baccus also asked Plaintiff if "she could handle the job". As such, Plaintiff was not hired by Defendants because at the time she applied, she had a family member that was disabled; Plaintiff was regarded by Defendants as disabled; and/or because Plaintiff was above the age of forty (40) years old.

**B.** **State Farm Defendants:** There is no legal entity named "State Farm Mutual Insurance Company". The State Farm Defendants further deny all of Plaintiff's allegations and further deny that Plaintiff is entitled to any relief whatsoever. The State Farm Defendants deny that Plaintiff applied for employment with the State Farm Defendants and further deny any joint employer or single enterprise relationship with the Baccus Defendants. The State Farm Defendants assert that Plaintiff has failed to exhaust her administrative remedies because the State Farm Defendants have no notice or knowledge of any EEOC or ORE administrative proceedings initiated by Plaintiff pertaining to Plaintiff's claims against the State Farm Defendants. As such, Plaintiff is not entitled to any relief whatsoever against the State Farm Defendants.

**Baccus Defendants:**

1. **Gary Baccus dba Gary Baccus Insurance & Gary Baccus State Farm Insurance Agency:** Defendant denies that Ms. Baccus inquired about Plaintiff's health and the health of members of Plaintiff's family. Plaintiff volunteered during the interview that members of her family were disabled without any prompting from Gary or Jana Baccus. This unsolicited statement was unrelated to the defendant's decision not to hire Plaintiff for a sales position. Several people interviewed for this position and another person with skill sets and experience more suited to the position was hired. Moreover, this Defendants does not have enough employees to be considered an "employer" under the Americans With Disabilities Act, ("ADA") (as amended by the ADA Amendments Act of 2008), 42 U.S.C. § 12101, *et. seq*. or the Age Discrimination in Employment Act, ("ADEA") of 1967, 29 U.S.C. § 626(c).

2. **Gary and Jana Baccus, LLC:** This defendant is an improper party in this case. It has no employees; it only owns the building in which the Gary Baccus State Farm Insurance Agency and another tenant are housed and collects rent. It was not involved in the determination not to hire Plaintiff and did not advertise for any position.

2. **JURISDICTION**. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2).

3. **STIPULATED FACTS**.

1. None at this time.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

**a. Plaintiff:**

3. Defendant is liable to Plaintiff for disability discrimination in violation of the Americans with Disabilities Act ("ADA") (as amended by the ADA Amendments Act of 2008), 42 U.S.C. § 12101, *et. seq*. by failing to hire Plaintiff as she was regarded as disabled by Defendants and/or was not hired due to having family members were disabled at the time Defendants failed to hire her.

4. Defendant is liable to Plaintiff for failing to hire Plaintiff due to her age and therefore Defendants discriminated against her in violation of the Age Discrimination in Employment Act ("**ADEA**") of 1967, 29 U.S.C. § 626(c).

5. Defendants are liable to Plaintiff by violating the Oklahoma Anti-Discrimination Act ("**OADA**"), OKLA. STAT. tit. 25, §§ 1101-1706, *et seq*. in the nature of disability and age discrimination for failing to hire Plaintiff due to her disabled family members, and/or being regarded as having a disability, and/or due to her age.

6. As damages, Plaintiff intends to seek compensatory damages, back pay, front pay; damages for emotional distress equitable relief, and liquidated damages pursuant to the ADA, 42 U.S.C. § 12117.

7. As damages, Plaintiff intends to seek back pay, front pay; equitable relief, and liquidated damages pursuant to the ADEA, 29 U.S.C. § 626(c) *et seq.* and the OADA, OKLA. STAT. tit. 25, §§ 1101-1706, *et seq*.

8. Because Defendants' actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the ADA, 42 U.S.C. § 12117.

9. Plaintiff also intends to seek attorneys' fees and costs.

b. **State Farm Defendants:**

1. Plaintiff's Petition fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust her administrative remedies as to the State Farm Defendants. State Farm Defendants have no notice nor knowledge of any EEOC or OCRE administrative proceedings initiated by Plaintiff pertaining to Plaintiff's claims against the State Farm Defendants.

3. As set out herein, State Farm Defendant deny that Plaintiff applied for employment with the State Farm Defendants and further deny any joint employer or single-enterprise relationship with the Baccus Defendants. Alternatively, State Farm Defendants assert that Plaintiff may have failed to mitigate her alleged damages, may have failed to take reasonable action to avoid damages, and may not be entitled to some or all of the relief demanded. Plaintiff has not yet provided the State Farm Defendants with a calculation of alleged damages, and the State Farm Defendants have not yet obtained discovery from Plaintiff (including Plaintiff's deposition) to determine what efforts Plaintiff made to find other employment. Facts pertaining to Plaintiff's efforts to mitigate her damages are within Plaintiff's control and will become known during discovery.

4. The State Farm Defendants have not engaged in any conduct that would justify imposition of either liquidated or punitive damages.

5. Plaintiff is not entitled to punitive or liquidated damages, and the imposition of punitive or liquidated damages in this action would violate the Constitutions of the United States and Oklahoma.
6. An award of compensatory or punitive damages is subject to the limitations of 42 U.S.C. § 1981a and other applicable laws.

7. Any damages suffered by Plaintiff are a proximate result of her own conduct and in no way were caused by or otherwise attributable to the State Farm Defendants. Accordingly, any such damages should either be denied completely, or apportioned according to the evidence.

8. No entity exists by the name of "State Farm Mutual Insurance Company."

C.

1. **Gary Baccus dba Gary Baccus Insurance & Gary Baccus State Farm Insurance Agency.**

a. Defendant's decision not to hire Plaintiff was wholly unrelated to her age (Mr. Baccus is over 65) or her allegedly disabled family members. Another candidate who had the experience and skill set more suited to the position was hired.
b. Defendant's decision to not to hire Plaintiff was for legitimate, nondiscriminatory business purposes.
c. Defendant does not have the requisite number of employees to qualify as an "employer" either under the ADA or ADEA.
d. Defendant did not discriminate against Plaintiff under the ADA, ADEA or the Oklahoma Anti-Discrimination Act.
e. Plaintiff is not entitled to any of the damages she seeks.
f. While discovery has not yet begun, Plaintiff may have failed to mitigate her damages.

**2. Gary and Jana Baccus, LLC**

**a.** This defendant has no employees, did not advertise for a any sales position, and did not interview Plaintiff (or anyone else) for employment.
**b.** This entity is an improper party**,** as it was in no way involved in any hiring decisions regarding Plaintiff.
c. Plaintiff has failed to exhaust her administrative remedies against this defendant.
d. This Defendant does not qualify as an employer under the ADA or ADEA as it has no employees.
e. Plaintiff fails to state a claim against this defendant.
f. Defendant is not entitled to any damages against this defendant.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

□ Yes X No

6. **MOTIONS PENDING AND/OR ANTICIPATED**

Plaintiff: None at this time.

State Farm Defendants: The State Farm Defendants anticipate filing a motion for summary judgment on Plaintiff's claims and any other motions in preparation of trial in accordance with the Court's scheduling order.

The Baccus Defendants: The Baccus State Farm Insurance Agency and Gary and Jana Baccus anticipate filing dispositive motions. The Baccus State Farm Insurance Agency anticipates filing a motion to amend its Answer.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? X Yes No
If "no," by what date will they be made?

8. **PLAN FOR DISCOVERY**.

A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on November 17, 2020.

B. The parties anticipate that discovery should be completed within eight (8) months of the date of the Scheduling Conference with the Court. A scheduling order has now been entered by the Court.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Six (6) months.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

X Yes □ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
None.

9. **ESTIMATED TRIAL TIME**: Approximately three (3) days

10. **BIFURCATION REQUESTED**: □Yes X No—However, the issue of front pay is equitable relief, and Plaintiff may request that expert designation concerning front pay after a jury verdict on liability.

11. **POSSIBILITY OF SETTLEMENT**: □ Good X Fair □ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion: X Yes □ No

B. The parties request that this case be referred to the following ADR process:

□ Court-Ordered Mediation subject to LCvR 16.3
□ Judicial Settlement Conference
□ Other ________________________________________
X None - the parties do not request ADR at this time, but may request judicial settlement conference or private mediation later.

13. Parties consent to trial by Magistrate Judge? □ Yes X No

14. Type of Scheduling Order Requested. X Standard - □ Specialized

Submitted this 14th day of December, 2020.

S/ Charles T. Battle
Charles T. Battle, OBA #22486
THE BATTLE LAW FIRM, PLLC
1415 NW 43rd Street
Oklahoma City, OK 73118
Telephone: (405) 420-0082
Facsimile: (405) 416-5492
Email:charles@battlelawfirmok.com

S/ Nathaniel F. Raddatz

Nathaniel F. Raddatz
NATHANIEL F. RADDATZ
ATTORNEY-AT-LAW, PLLC
1415 NW 43rd Street
Oklahoma City, OK 73118
Telephone: (405) 848-2409
Email: nraddatz@hotmail.com
***ATTORNEYS FOR PLAINTIFF MICHELLE L. HANEY***

s/Rebecca Woodward (with permission)
Rebecca S. Woodward, OBA #8070
HOLDEN LITIGATION PC
First Place Tower
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888
(918) 295-8889 fax
RebeccaWoodward@HoldenLitigation.com
***Attorneys for Defendants Gary Baccus dba Gary Baccus Insurance & Gary Baccus State Farm Insurance Agency and Gary and Jana Baccus, LLC***

*Elaine R. Turner* (with permission)
Elaine R. Turner, OBA #13082
Lindsay N. Kistler, OBA #32814
HALL, ESTILL, HARDWICK, GABLE
GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, Oklahoma 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
eturner@hallestill.com
lkistler@hallestill.com
***Attorneys for Defendants, State Farm Mutual Automobile Insurance Company, State Farm Fire & Casualty Insurance Company, and State Farm Mutual Insurance Company***

2260870.1:734590.02012